# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **NIKE MILLER,** ) | |
| ) | |
| Plaintiff, ) | **Civil Action No.** |
| ) | |
| v. ) | **Jury Trial Demanded** |
| ) | |
| **ETOURANDTRAVEL, INC.,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NIKE MILLER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ETOURANDTRAVEL, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Tennessee, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Bulls Gap, Tennessee 37711.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 3626 Quadrangle Boulevard, Orlando, Florida 32817.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one (1) year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Plaintiff's telephone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around September 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14. When contacting Plaintiff on her cellular telephone, upon information and belief, Defendant used an automatic telephone dialing system and/or prerecorded voice.

15. Defendant called Plaintiff's cellular telephone number, on average, two to three times in a given day.

16. On some occasions, Defendant's representatives spoke with Plaintiff and identified that the calls were placed on behalf of Defendant.

17. Defendant's representatives also claimed that Plaintiff had won a vacation; however in response, Plaintiff immediately indicated that she was not interested.

18. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

19. Plaintiff disputes having ever provided Defendant consent to call her cellular telephone, as she did not sign up to receive promotional calls to book a vacation through Defendant.

20. Nonetheless, in September 2014, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number and specifically requested that her cellular telephone number be placed on a do-not-call list.

21. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

22. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone after she demanded calls to stop.

23. Specifically, Defendant called Plaintiff's cellular telephone on: September 7, 2014 at 10:51 p.m.; and, September 17, 2014, at 11:00 a.m.

24. Plaintiff's experiences with calls by Defendant are quite similar to those alleged against Defendant in a class action filed in 2013 captioned in the Middle District of Florida, Orlando Division as, GONZALEZ v. ETOURANDTRAVEL, INC., et al., 6:13-CV-827-ORL-36-TBS.

25. Upon information and belief, Defendant continues to conduct its business in a manner that violates the TCPA.

# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

# COUNT I

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

28. Defendant's calls to Plaintiff were not made for emergency purposes.

29. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

30. Further, in September 2014, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NIKE MILLER, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NIKE MILLER, demands a jury trial in this case.

Respectfully submitted,

DATED: April 3, 2015   By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com
Attorney for Plaintiff